UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DAMONE L. MCNAMEE,

                Plaintiff,                09-CV-0191S(Sr)

v.

ANTHONY L PORZIO,

                Defendant.

---

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters. Dkt. #4.

Plaintiff, represented by attorney David Jay, commenced this action seeking damages pursuant to 42 U.S.C. § 1983, alleging violation of his constitutional rights when he was shot by the defendant, a City of Buffalo police officer, after submitting to the defendant's attempt to effectuate plaintiff's arrest. Dkt. #1. At a status conference conducted on April 8, 2010, the parties advised the Court that this case was ready for trial, which was set for June 15, 2010 before Judge Skretny. Dkt. #7. Unfortunately, plaintiff's counsel passed away prior to the commencement of trial.

This Court is required to see that all litigants receive proper representation of counsel under the criteria set forth in *Cooper v. A. Sargenti Co.*, 877 F.2d 170 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986). In addition, pursuant to 28 U.S.C. § 1915(e)(1), courts have the inherent authority to

assign counsel to represent indigent litigants. As plaintiff has been incarcerated since 2008, and submitted an affirmation revealing his lack of resources in support of his motion to waive the fee for alternative dispute resolution, which was granted by Judge Skretny, plaintiff has established indigency.

More importantly, each lawyer - especially those who are admitted to practice in federal court and who therefore are in a position to reap the benefits of such practice - has an ethical obligation under the Code of Professional Responsibility to provide *pro bono* services for the poor. New York Code of Professional Responsibility, Canon 2, EC 2-16; EC 2-25. "Every lawyer, regardless of professional prominence or professional workload, should find time to participate in serving the disadvantaged." EC 2-25. In addition, Rule 83.1(g) of the Local Rules of Civil Procedure provides as follows:

> Every member of the bar of this Court shall be available upon the Court's request for appointment to represent or assist in the representation of indigent parties. Appointments under this rule shall be made in a manner such that no attorney shall be requested to accept more than one appointment during any twelve month period.

It is in this spirit that the Court assigns Steven M. Cohen, Esq., Hogan Willig, 2410 North Forest Road, Suite 301, Getzville, NY 14068, *pro bono*, to faithfully and diligently represent plaintiff in this case.

The Clerk of the Court is directed to provide Mr. Cohen a copy of this Order and the Guidelines Governing Reimbursement from the District Court Fund of

Expenses Incurred by Court Appointed Counsel.  This information and the forms are also available on the Court's web site at the Attorney Information link from the home page located at: www.nywd.uscourts.gov.  The Chief Judge of the Court will also issue an Order directing PACER to waive its fees so pro bono counsel can access and print at no cost to him or his firm any other documents filed herein that he may need.

       **SO ORDERED.**

**DATED:**    Buffalo, New York
              July 19, 2010

                                           s/ H. Kenneth Schroeder, Jr.
                                          **H. KENNETH SCHROEDER, JR.**
                                          **United States Magistrate Judge**